

FILED

AUG 1 3 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 06-22973-D-13L |
| | ) Docket Control No. WW-6 |
| V. ELLIOT ROGERS, | ) |
| | ) |
| Debtor. | ) DATE:     July 24, 2007 |
| | ) TIME:     1:00 p.m. |
| | ) DEPT:     D (Courtroom 34) |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

MEMORANDUM DECISION ON APPLICATION FOR APPROVAL OF
INTERIM ATTORNEYS FEES AND COSTS PAYABLE

V. Elliot Rogers ("Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on August 7, 2006. Mark A. Wolff, Attorney at Law ("Counsel") has continuously acted as Debtor's attorney and this is Counsel's first fee motion. Through this fee motion (the "Motion"), Counsel seeks approval of $33,197.50 in fees and $126.43 in costs. Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness pursuant to § 328 of the Code.

Section 330 of the Code sets out the standard by which courts should determine the reasonableness of fees under Section 329 and

reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003). Section 330(a)(3) of the Bankruptcy Code states that in determining the amount of reasonable compensation the court should consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases.

The court finds that Counsel's hourly rate is reasonable and the court does not have an issue with the quality of Counsel's services. The court does have concern regarding certain services that were charged for "review" of work performed.

The time sheets in support of the Motion show a number of instances where letters were prepared by an attorney or other employee that were billed to the client. These letters were then reviewed by another attorney, which time was then again billed to the client.

1. On August 17, 2006 MW billed .1 hours ($22.50) for "Review document - Correspond with secured creditors - 1st letter to notify of bankruptcy filing."

2. On August 18, 2006 MW billed .1 hours ($22.50) for "Review document - Correspond with client - full copy of petition with directions."

3. On September 15, 2006 MW billed .1 hours ($22.50) for "Review document - Correspond with client - reminder to taka debtor education course."

///

1     4. On October 2, 2006 MW billed .1 hours ($22.50) for "Review document - Correspond with client regarding results of 341 meeting of creditors."

    5. On December 1, 2006 MW billed .1 hours ($22.50) for "Review document - correspondence with client - reminder - debtor education."

    6. On February 27, 2007 MTC billed .2 hours ($25.00) for "correspondence with client regarding additional documents for deposition."

    7. On March 29, 2007 MW billed .1 hours ($25.00) for "Review document - change of address of debtor."

    The court finds that the above-listed time entries are duplicative or excessive and therefore, non-compensable. Accordingly, the court will reduce the fee request by $162.50.

    In light of the above deductions, Counsel's request for fees of $33,197.50 will be reduced by $162.50 and the court will allow fees of $33,035.00 and costs of $126.43 for a total of $33,161.43.

    A separate order will be entered consistent with this memorandum decision.

Dated:   AUG 13 2007

Robert S. Bardwil
United States Bankruptcy Judge

Case 06-22973    Filed 08/13/07    Doc 217

## Certificate of Service

I certify that on ___AUG 13 2007___ a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Wolff
Wolff & Wolff
8861 Williamson Dr., Suite 30
Elk Grove, CA 95624

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
       Deputy Clerk